**UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEW JERSEY**

_____
                                    :
LALL B. RAMNAUTH,                   :
                                    :   Civil Action No. 12-2402 (PGS)
            Petitioner,             :
                                    :
     v.                             :   **OPINION**
                                    :
UNITED STATES DISTRICT COURT,       :
et. al.,                            :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

   **LALL B. RAMNAUTH,** Petitioner Pro Se
   # J-2011-03202
   354 Doremus Avenue
   Newark, New Jersey 07105

**SHERIDAN**, District Judge

   This matter is before the Court by application of petitioner Lall B. Ramnauth for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). For reasons discussed below, the petition will be dismissed for lack of jurisdiction.

                  I.   PROCEDURAL BACKGROUND

   Petitioner, Lall B. Ramnauth, filed a petition for a writ of error coram nobis on or about April 14, 2012.[1] According to the

---

   [1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately

                                   1

allegations and attachments to his petition, Petitioner was convicted in the Superior Court of New Jersey, Salem County, on or about November 3, 1995, after entering a guilty plea on two counts of arson in the third degree, contrary to N.J.S.A. 2C:17-1b.  He was sentenced to 60 days in jail and three years of probation.  (Petition, pg. 3 and Exhibits B, C).  Petitioner complains that he was ineffectively represented by counsel because counsel had advised Petitioner to plead guilty without discussing how that plea would affect Petitioner's immigration status.  (Pet., pp.3, 4).

On December 22, 2010, removal proceedings were commenced against Petitioner based on his arson conviction.  A removal order was issued on November 1, 2011, but Petitioner appealed.  The Board of Immigration Appeals ("BIA") dismissed Petitioner's

---

filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Petitioner handed his petition to prison officials for mailing, Petitioner signed a certification of his petition on February 27, 2011.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the petition on April 14, 2012, and thus, this Court finds April 14, 2012 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on April 18, 2012.

appeal on March 12, 2012.  Petitioner apparently filed a petition in state court for post-conviction relief ("PCR") after his removal proceedings were commenced.  On March 12, 2012, Petitioner's state PCR petition was denied because it was untimely filed, seventeen years after his state court judgment of conviction.  Petitioner continues to appeal his removal order and the matter currently is pending in the United States Court of Appeals for the Third Circuit.  (Pet., pg. 4 and Exs. D, E, F, G, H and I).

At the time that Petitioner filed this petition, he is in custody pursuant to the removal order.  It is plain that Petitioner is no longer confined pursuant to the state court judgment of conviction that he now challenges, as his sentence of 60 days in jail and 3 years probation imposed in 1995 has long since expired.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

As Petitioner is seeking relief from a state court conviction, this application is best construed as a habeas petition for relief under 28 U.S.C. § 2254.  United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III.  "IN CUSTODY" JURISDICTION

Because Petitioner is challenging a state court conviction, his action for habeas relief is properly considered under 28 U.S.C. § 2254.  Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus,

4

a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to have jurisdiction. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed. Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied. Maleng, 490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238). The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. Maleng, 490 U.S. at 492 (*citing* Carafas, 391 U.S. at 238). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an

5

individual 'in custody' for purposes of a habeas attack upon it."[2]  Maleng, 490 U.S. at 492.

Here, it is evident that the state court conviction and sentence now challenged by Petitioner had fully expired before he filed for federal habeas relief. He was sentenced to a 60-day jail term and a three-year term of probation in 1995, seventeen years ago. Moreover, it is evident from the allegations in Petitioner's action that Petitioner is an immigration detainee who is confined pursuant to a removal order.

Petitioner did not file this habeas petition until April 14, 2012, long after he was released from state custody. Thus, Petitioner is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

However, it would appear that Petitioner is well aware that relief under § 2254 is not available under the facts of this case. Accordingly, he brings this action as a writ of *error coram nobis*. A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). However, the writ of *error coram nobis* is available in

---

[2] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); <u>Neyor v. I.N.S.</u>, 155 F. Supp.2d 127, 136 (D.N.J. 2001). Consequently, the Court cannot construe this habeas petition as a writ of *error coram nobis*. Instead, Petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common law writ of *error coram nobis* in the state court where he was convicted.

IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

7

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a), and because there is no jurisdiction under a writ of error coram nobis. No certificate of appealability will issue. An appropriate Order accompanies this Opinion.

*s/Peter G. Sheridan*
PETER G. SHERIDAN
United States District Judge

DATED: March 1, 2013